**GREAT AMERICAN INSURANCE COMPANY and INSTCO Ltd., Plaintiffs–Counter–Defendants–Appellants,**

v.

**M/V HANDY LAKER, her engines, boilers, tackle, etc., Defendant–Third–Party–Plaintiff-Cross-Claimant-Counter-Defendant-Appellee,**

**Pacific Basin Handy Bulk Carriers, (No. 26 CORP.) and Vanguard Enterprise Co., Ltd., Defendants-Cross-Defendants-Third-Party-Plaintiffs-Cross-Claimants-Counter-Defendants-Appellees,**

**Aristrain Internationale Handelsgesellschart MBH and Aristrain Hispano Trade Handels GMBH, Defendant–Cross–Defendant-Cross-Claimant–Appellee,**

**Western Bulk Carriers, K/S, Cross–Defendant–Third–Party–Defendant–Cross–Claimant–Appellee,**

**Aristrain Hispano Trade Handels GMBH, successor in interest to Aristrain Internationale Handels GMBH, Cross–Claim–Defendant,**

**Shinwa Kaiun Kaisha, Ltd., Cross–Defendant–Third–Party–Defendant–Cross–Claimant.**

**Docket Nos. 03–7005, 03–7035.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 21, 2003.

Decided: Oct. 31, 2003.

Steven P. Calkins, Kingsley, Kingsley & Calkins, Hicksville, NY, for Plaintiffs–Counter–Defendants–Appellants Great American Insurance Company and IN-STCO Ltd.

Manuel R. Llorca (Manuel A. Molina, of counsel), Skoufalos, Llorca & Ziccardi, LLP, New York, NY, for Defendant–Cross–Defendant–Cross–Claimant–Appellee Aristrain Hispano Trade Handels GMBH.

A. Robert Degen, Fox Rothschild LLP, Philadelphia, PA, for Defendant–Third–Party–Plaintiff-Cross-Claimant-Counter-Defendant-Appellee M/V Handy Laker and Defendants–Cross–Defendants–Third–Party–Plaintiffs–Cross–Claimants–Counter–Defendants–Appellees Pacific Basin Handy Bulk Carriers (No. 26 Corp.) and Vanguard Enterprise Co., Ltd.

Garth S. Wolfson (Edward A. Keane, on the brief), Mahoney & Keane, LLP, New York, NY, for Cross–Defendant–Third–Party–Defendant–Cross–Claimant Western Bulk Carriers, K/S, and Cross–Defendant-Third-Party-Defendant-Cross-Claimant Shinwa Kaiun Kaisha, Ltd.

Before: WINTER, CABRANES, and SACK, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from a January 6, 2003 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*) declining to hold defendants liable to plaintiffs for damage to steel cargo aboard the M/V HANDY LAKER, and, accordingly, mooting indemnification cross-claims and third-party suits. On appeal, plaintiffs, IN-STCO and its insurer Great American Insurance Co., challenge that portion of the District Court's judgment that held that defendant Aristrain Hispano Trade Handels GMBH ("Aristrain"), seller of steel cargo, was not liable to INSTCO, purchaser of the cargo, for damage the cargo sustained during shipping.

It is not disputed that, in October 1995, plaintiff INSTCO purchased steel from defendant Aristrain by means of a contract that assigned to Aristrain responsibility for stowing the steel on the M/V HANDY LAKER for shipping to two ports in the United States. *See Great American Ins. Co. v. M/V Handy Laker*, No. 96 Civ. 8737, 2002 WL 32191640, at *1 (S.D.N.Y. Dec. 20, 2002). It is likewise undisputed that when INSTCO received the steel upon its discharge from the HANDY LAKER some of the steel had sustained damage. *See id.* at *1–*2. Surveyors hired by INSTCO's insurer, plaintiff Great American Insurance Co., attributed the damage to "improper stowage and lack of proper lashing and dunnaging," *id.* at *2, and plaintiffs consequently filed suit seeking damages from Aristrain.

In a thorough opinion following a seven-day bench trial, the District Court held that, under the Uniform Commercial Code as adopted in New York and applicable to the instant contract, Aristrain was not liable to INSTCO for two independent reasons: (1) INSTCO waived the provision of the sale contract that provided for Aristrain to be liable for damage to the cargo, *see id.* at *6–*10; and (2) even if INSTCO had not waived the liability provision, it could not claim damages against Aristrain because it failed timely to notify Aristrain of its alleged breach of contract, *see id.* at *10–*12.

On appeal, plaintiffs challenge both of these District Court holdings. First, plaintiffs claim that the District Court misinterpreted the evidence as to the conduct of INSTCO's agent in the course of determining that INSTCO had waived the contractual provision allocating liability for stowage to Aristrain. Second, plaintiffs contest the District Court's interpretation of the evidence with respect to notice of breach, arguing that their notification of Aristrain was timely in the circumstances presented. Having considered all of plaintiffs' arguments, we hold that they do not establish that the District Court erred in either its findings of fact or conclusions of law with respect to either of the matters at issue on appeal. Accordingly, we affirm the judgment of the District Court with respect to those matters for substantially the reasons stated by the District Court in its memorandum and order of December 20, 2002. *See id.* at *6–*12.

Defendant Aristrain argues in its brief that this Court should exercise our discretion to award it the cost of compiling its appendix, because appellants allegedly violated Federal Rule of Appellate Procedure 30, which allocates responsibility between the parties for filing a joint appendix on appeal. We deny Aristrain's motion to the extent that it seeks costs or fees beyond those to which Aristrain is entitled under Federal Rule of Appellate Procedure 39. Aristrain further requests in its brief that we award it fees and costs pursuant to Federal Rule of Appellate Procedure 38, on the basis that this appeal is frivolous. However, Rule 38 provides that a court of appeals may make a determination of frivolousness and impose costs only "after a separately filed motion or notice from the court ...." Fed R.App. P. 38. Since neither of those measures has been taken in this case, we deny Aristrain's motion under Rule 38.